UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL BORDEN | CIVIL ACTION |
| VERSUS | NO. 06-10466 |
| ALLSTATE INSURANCE COMPANY | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is the defendant Allstate Insurance Company's ("Allstate") Motion for Summary Judgment (Rec. Doc. 15). For the following reasons, Allstate's motion is now GRANTED and the plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

### I.   BACKGROUND

This case arises from a dispute regarding flood insurance coverage for the plaintiff's property located at 2108 Liviccari Street in Violet, Louisiana, which suffered damage as a result of Hurricane Katrina. The defendants in this case are Allstate, which had previously issued a Standard Flood Insurance Policy ("SFIP") to the plaintiff pursuant to the National Flood Insurance Program ("NFIP"),[1] and Greg Ruiz, an Allstate insurance agent that assisted the plaintiff in procuring the policy.

Following the storm, the plaintiff attempted to make a claim under his flood insurance policy, but was informed by Allstate that his policy had lapsed as of 12:01 a.m. on July 9, 2005, due to the plaintiff's failure to pay a renewal premium. The plaintiff, however, contends that he

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

1

never received renewal notices as required by the NFIP, and thus did not know that a renewal premium was due. On August 29, 2006, the plaintiff filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, and it was subsequently removed to this Court by Allstate. The plaintiff contends that at no time did Ruiz or Allstate inform him that his policy needed to be renewed, nor that it eventually lapsed, and therefore he seeks to recover from the defendants $175,000 for damages to his property and $100,000 for damages to his contents.

## II.   PRESENT MOTION

Allstate has filed a motion for summary judgment, seeking dismissal of the plaintiff's claims. First, Allstate argues that the plaintiff is charged with knowledge of the terms of the SFIP and has a duty to familiarize himself with the rules of the NFIP program. Thus, Allstate argues that the plaintiff's failure to pay a renewal premium is dispositive of his claims against both defendants in this case, regardless of whether or not he received a renewal notice. Indeed, Allstate argues that although the SFIP does set forth special procedures that may be followed in the event that a renewal notice is not received by a policyholder, these procedures are not triggered in this case because the plaintiff did not notify Allstate of the non-receipt of a renewal notice within "one year after the date on which the payment of the renewal premium was due." 44 C.F.R. Pt. 61, App. A(1)(H)(3)(a), Art. VII(H).

## III.   LAW & ANALYSIS

### A.   Standard of Review

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

### B. Analysis

Many Sections of this Court have succinctly discussed the basic contours of the NFIP and the various requirements that it imposes:

> [The NFIP] is intended to be a unified national program for providing flood insurance. It is underwritten by the United States Treasury and administered by the Federal Emergency Management Agency. Under its regulatory authority, FEMA developed the SFIP and the WYO program, which authorizes private insurance companies to issue SFIPs. Although the private insurance agencies issue the SFIPs, they are acting as fiscal agents of the United States. As mentioned above, Allstate is a WYO program carrier authorized to issue and administer SFIPs under its logo.

*Rodgers v. Allstate Ins. Co.*, No. 06-3685, 2007 WL 1029480, at *2 (E.D. La. Mar. 30, 2007).

Of particular relevance to this case, the NFIA provides as follows with respect to renewal notices:

> The Director (or the designee of the Director) shall, not less than 45 days before the expiration of any contract for flood insurance under this chapter, issue notice of such expiration by first class mail to the owner of the property covered by the

3

contract, the servicer of any loan secured by the property covered by the contract, and (if known to the Director) the owner of the loan.

42 U.S.C. § 4104a(c). The SFIP, which is codified in the *Code of Federal Regulations*, also addresses the renewal of national flood insurance policies:

> H. Policy Renewal
>
> 1. This policy will expire at 12:01 a.m. on the last day of the policy term.
>
> 2. We must receive the payment of the appropriate renewal premium within 30 days of the expiration date.
>
> 3. If we find, however, that we did not place your renewal notice into the U.S. Postal Service, or if we did mail it, we made a mistake, e.g., we used an incorrect, incomplete, or illegible address, which delayed its delivery to you before the due date for the renewal premium, then we will follow these procedures:
>
>    a. If you or your agent notified us, not later than one year after the date on which the payment of the renewal premium was due, of non-receipt of a renewal notice before the due date for the renewal premium, and we determine that the circumstances in the preceding paragraph apply, we will mail a second bill providing a revised due date, which will be 30 days after the date on which the bill is mailed.

44 C.F.R. Pt. 61, App. A(1), Art. VII(H).

Relying upon *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380 (1947) and recent decisions of this Court, Allstate argues that the plaintiff was responsible for knowing the terms and conditions of his national flood policy, including the fact that it would lapse as of 12:01 a.m. on July 9, 2005 if it were not renewed. It is true that the plaintiff is charged with constructive knowledge of the provisions of the NFIP program, "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence." *Merrill*, 332 U.S. at 385; *see also Larmann v. State Farm Ins. Co.*, No. 03-2993, 2005 WL 357191, at *4 (E.D. La. Feb.

4

11, 2005) ("[T]he insured has an additional outlet to which to turn to obtain information about the terms of the policy," namely the SFIP itself and federal statutes and regulations) (quoting *Richmond Printing L.L.C. v. Director FEMA*, 72 Fed. App'x 92 (5th Cir. 2003)). Moreover, to the extent that the plaintiff relied on his agent to notify him of the need to renew his federal flood insurance policy, such reliance was unreasonable as a matter of law. *See Cousins v. Allstate Ins. Co.*, No. 06-481, 2007 WL 496621 (E.D. La. Feb. 9, 2007).

In this case, the plaintiff seeks to avoid summary judgment by seizing on the allegation that he did not receive a renewal notice for his policy. Although whether or not notice was sent and/or received may be a disputed factual issue, such a dispute is immaterial and does not preclude summary judgment in this case. Indeed, as another Section of this Court recently noted, such a dispute "is only important if [the plaintiff] timely complained of the non-receipt of the renewal notices." *Rodgers*, 2007 WL 1029480, at *3. This Court agrees with the holding in *Rodgers* that the SFIP is ambiguous when read together with 42 U.S.C. § 4104a(c), and that a plaintiff must therefore complain of the non-receipt of a renewal notice not within one year of the expiration of his policy, but rather within one year from the date on which his renewal premium was due. *See Rodgers*, 2007 WL 1029480, at *4-5. Thus, in this case, the plaintiff was required to complain of the non-receipt of a renewal premium not by July 5, 2006 (one year from the expiration of his policy), but rather by August 6, 2006 (one year from when his renewal premium was due). The plaintiff has not submitted any evidence in opposition to Allstate's motion that he complained of the non-receipt of a renewal notice within this time frame, and he did not file suit until August 29, 2006. Accordingly, the Court finds that summary judgment is appropriate in this case.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Allstate's Motion for Summary Judgment (Rec. Doc. 15) is GRANTED and that the plaintiff's claims against the defendants are hereby DISMISSED WITH PREJUDICE in their entirety. An appropriate judgment will follow.

New Orleans, Louisiana, this _17_ day of April, 2008.

UNITED STATES DISTRICT JUDGE