UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL BORDEN** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-10466** |
| **ALLSTATE INSURANCE COMPANY, ET AL.** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Set Aside the Judgment (Rec. Doc. 48). For the following reasons, the Plaintiff's motion is now DENIED.

### I.  BACKGROUND

This case arises out of a dispute regarding flood insurance coverage for the Plaintiff's residential property located at 2108 Liviccari Street in Violet, Louisiana. The Plaintiff contends that the property suffered flood damage during Hurricane Katrina. The Defendants in this case are Allstate Insurance Company, which had issued a Standard Flood Insurance Policy ("SFIP") to the Plaintiff pursuant to the National Flood Insurance Program ("NFIP"), and Greg Ruiz, an Allstate Insurance agent who assisted the Plaintiff in procuring the policy.

Following the storm, the Plaintiff attempted to submit a claim under his flood insurance policy, but Allstate informed him that his policy had lapsed as of 12:01 a.m. on July 9, 2005. Specifically, Allstate explained that the policy lapsed because the Plaintiff did not pay his renewal premium. The Plaintiff contends that he never received renewal notices as required by the NFIP, and as a result he never knew that a renewal premium was due.

On August 29, 2006, the Plaintiff filed the present action in the 34th Judicial District

Court for the Parish of St. Bernard, State of Louisiana. Defendant Allstate Insurance Company removed the action to this Court. The Plaintiff argued that the Defendants failed to inform him that his policy was due for renewal or that it would lapse on July 9, 2005 if he did not take action. In the complaint, the Plaintiff sought $175,000 for damages to his property and $100,000 for damages to his contents.

On March 11, 2008, Allstate filed a Motion for Summary Judgment. *See* Rec. Doc. No. 15. This Court granted the Motion for Summary Judgment on April 18, 2005, finding that the Plaintiff had not complied with the terms of the policy. *See* Order & Reasons, Rec. Doc. No. 45. Specifically, the Court noted that, among other things, the Plaintiff had not responded to Allstate's contention that he failed to provide evidence that he notified Allstate of its failure to send a renewal notice. *Id.*

## II.    PRESENT MOTION

On May 16, 2008, the Plaintiff filed a Motion for Relief of Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Plaintiff contends that he did comply with the terms of the policy when he advised Allstate of his non-receipt of the renewal notice. In support of this assertion, the Plaintiff offers his own sworn affidavit, in which he states that he notified personnel at the Allstate Catastrophic Claim Center that he had never received a notice of renewal. On the same day that the Plaintiff moved this Court to set aside the previous judgment, the Plaintiff also filed a Notice of Appeal to the Fifth Circuit.

## III.   LAW & ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedure provides that a district court "may

relieve a party or a party's legal representative from a final judgment, order, or proceeding." FED.R.CIV.P. 60(b). Under Rule 60(b), a party may seek relief of judgment for any reason justifying such relief, including the Rule's enumerated reasons like mistake and excusable neglect. *Id.* When evaluating a Rule 60(b) motion, the Court should balance the need for finality of judgment against the need to render just decisions, based upon the operable facts. *Bohlin v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

It is well settled, however, that "a perfected appeal divests the district court of jurisdiction." *Winchester v. U.S. Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995). "Once the notice of appeal has been filed, [although] the district court may *consider* or *deny* a Rule 60(b) motion [on the merits]... it no longer has jurisdiction to *grant* such a motion while the appeal is pending." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (emphasis in original). In limited circumstances, the district court may deny a Rule 60(b) motion even though an appeal is pending because such a denial is "in furtherance of the appeal." *Travelers Ins. Co. v. Liljeberg Enters. Inc.*, 38 F.3d 1404, 1407 n. 3 (5th Cir. 1994). If, however, the district court "is inclined to grant the 60(b) motion ... then it is necessary to obtain the leave of the court of appeals. Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion." *Id.*

Without addressing the Court's limited jurisdiction as a result of the appeal, the Plaintiff offers his own affidavit in support of his substantive argument. In the affidavit, the Plaintiff states that he met with personnel at the Allstate Catastrophic Claim Center shortly after Hurricane Katrina and "advised Allstate that [he] had never received a renewal notice from Allstate advising [him] of the due date for the renewal premium." The Defendant argues that the terms of the Plaintiff's insurance policy required the Plaintiff to submit the notice in writing,

-3-

which the Plaintiff failed to do.

The Plaintiff has also failed to show that other requirements of the insurance policy were met. For example, the provision regarding notice requires not only that the Plaintiff advise Allstate of non-receipt, but that Allstate "determine that the circumstances in the preceding paragraph [related to failure to mail a renewal notice] apply." Because the Plaintiff only ever contacted Allstate orally, there is no evidence that Allstate ever made such a determination or that the Plaintiff inquired as to whether such a determination was forthcoming.

In addition, it does not appear that the Plaintiff ever submitted a proof of loss statement, which, under the express terms of the policy, should have been produced within sixty days of the loss. *See* 44 C.F.R. Pt. 61, App. A(1). The law in the Fifth Circuit is clear that a failure to provide such proof of loss pursuant to the express terms of the policy warrants dismissal or judgment as a matter of law. *See, e.g.*, *Gowland v. Aetna,* 143 F.3d 951, 954 (5th Cir. 1998) ("As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, we hold that an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."); *Henly v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 1330, at *6 (E.D. La. Jan. 8, 2008) ("As a matter of law, the failure to timely file the requisite proof of loss and failure to provide documentation of [the Plaintiff's] loss prior to filing this suit are fatal to Plaintiff's instant claims against [the insurer]."); *Guillot v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 96, at *9 (E.D. La. Jan. 2, 2008) ("Plaintiff's failure to provide adequate documentation of her loss is sufficient grounds for granting defendant partial summary judgment."). In consideration of the Court's limited jurisdiction over this matter, the Court finds that the Plaintiff's motion should be denied.

## IV.     CONCLUSION

For the reasons listed above,  IT IS ORDERED that the Plaintiff's Motion to Set Aside the Judgment is DENIED.

New Orleans, Louisiana, this 22nd day of September, 2008.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE